HON. VICTOR S. BAHOU Civil Service Commission
This is in reply to your joint request for my opinion with respect to the effect of the Employee Retirement Income Security Act of 1974 (P.L. 93-406), hereinafter referred to as ERISA, upon Banking Law, §§ 250, 400, 472-a and Insurance Law, § 200.
JOHN G. HEIMANN Superintendent, Banking Department
THOMAS A. HARNETT Superintendent, Department of Insurance
Banking Law, §§ 250, 400, and 472-a authorize savings banks, savings and loan associations and credit unions, respectively, to retire employees under the following circumstances:
 a. those who have served for a period of 30 or more years;
 b. those who have served for 10 years or more and have become incapacitated; or
 c. those who have served 20 years or more and have attained the age of 60 years.
The benefits payable to such persons are limited by those sections of law. They may not exceed the product of 2% of the average yearly salary for the three years immediately preceding the retirement times the number of years of service. There is also an overall maximum of 60% of the average yearly salary.
These sections also permit a banking institution to enter into a contract with a corporation or trust authorized to transact business under Insurance Law, § 200, for the payment of either the aforementioned type of benefits or for a variable pension; but said banking institutions may not contribute or pay to such corporation or trust a sum which would exceed that required under the Banking Law for the aforementioned fixed retirement benefits.
Insurance Law, § 200, permits the incorporation of non-profit corporations or trusts for the general purposes of providing pensions to retirees which pensions may be in a fixed amount or be variable dependent on the income from funds invested.
ERISA, § 514(a) provides that it shall supersede any state laws for employees benefit plans except as provided in subdivision b of that same section. Section b, in part states:
 "* * * nothing in this title shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities." (Emphasis supplied.)
The aforementioned Banking Law sections serve a dual purpose. The first is a regulation limiting the amount of pension that could be granted by a bank to favored officers and employees, which limitation was intended to correct abuses resulting from excessive or imprudent acts by banking institutions with respect to the grant of retirement benefits to favored personnel at the expense of the depositors or shareholders of the banking institutions.
The second purpose of these sections is to make possible the granting of pensions to officers and employees of banking institutions and to protect the employees from default by the institutions.
The purpose of the upper limitation of pensions in the Banking Law sections heretofore referred to is regulative of banking institutions and, therefore, included in the excepted group in section 514(b) ERISA. These provisions, therefore, have not been preempted by ERISA.
Those provisions or portions of provisions of the Banking Law whose purpose is the protection of the retiree are within the scope of ERISA and have been preempted by the enactment of the Federal law.
Since there are a variety of separate provisions in these sections and, in most cases, factual background would be necessary to determine whether those provisions are regulatory in nature or have been preempted, it would be necessary to consider each provision separately. Specific necessary facts are not available to me and those provisions are not, therefore, passed upon in this office.